# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARKUS A. GREEN #1118715 | § § | |
| V. | § | A-09-CA-865-LY |
| WILLIAM GRAMPRE and AVIANCA WONG | § § § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1) and Motions to Certify Constitutional Questions (Document Nos. 9 and 13). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1985(3), Plaintiff was confined in the Neal Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. On July 15, 2002, Plaintiff was convicted of practicing medicine without a license, causing psychological harm, and is currently serving a 40-year sentence. Green v. State, 137 S.W.3d 356, 359-62 (Tex. App.– Austin 2004, pet. ref'd).

Plaintiff, a frequent litigant in this Court, sues Avianca Wong, one of his victims, and William Grampre, the boyfriend of the victim. Plaintiff alleges Grampre testified falsely at trial in an attempt to have Plaintiff convicted of sexual assault. Plaintiff further alleges Grampre and Wong conspired with Austin police officers to violate his constitutional rights in violation of 42 U.S.C. § 1985(3). Plaintiff requests $3,000,000 in compensatory damages from each defendant and $7,000,000 in punitive damages from each defendant.

Plaintiff also contends the statutes regarding practicing medicine without a license are unconstitutional. Plaintiff argues he is not challenging his holding conviction. Instead, he asserts the statutes used to convict him are unconstitutional. He thus contends his challenge is not barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994). He requests the Court to certify his constitutional questions to the Texas Attorney General.

DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to

harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.      Heck v. Humphrey

Contrary to Plaintiff's argument, his challenge to the constitutionality of the statutes used to convict him must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994), as it is a direct challenge to his conviction. In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims regarding the constitutionality of the statutes used to convict him should be dismissed without prejudice to refile once the conditions of Heck are met. See Stephenson v. Reno, 28 F.3d 26, 26-28 (5th Cir. 1994) (per curiam)(affirming dismissal of claims under 42 U.S.C. § 1985 and RICO as barred by Heck); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1098 n. 4 (9th Cir. 2004)("We agree with our sister circuits that Heck applies equally to claims brought under §§ 1983, 1985 and 1986") (citing Lanier v. Bryant, 332 F.3d 999, 1005-06 (6th Cir. 2003) (applying Heck to § 1985 action)); and Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) ("Heck therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims").[1]

---

[1] Plaintiff currently has pending a subsequent habeas application in which he raises the same constitutional challenges. See Green v. Thaler, No. A-09-CV-990-LY (W.D. Tex.)

C.  Statute of Limitations

To the extent Plaintiff's claims are not barred by Heck, Plaintiff's claims are barred by the applicable statutes of limitations. Although neither the Supreme Court nor the Fifth Circuit have addressed which statute of limitations should be borrowed from state law for alleged violations of § 1985, many courts have concluded that the "rationale for applying the state personal injury limitations period to § 1983 actions applies equally to § 1985 actions." Allen v. Winfield, Cause No. 3:04-CV-2504-B, 2006 WL 1674096, at *3 n. 5 (N.D. Tex. June 12, 2006); McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991); Callwood v. Questel, 883 F.2d 272, 274 (3d Cir. 1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).

Plaintiff complains of actions taken by Grampre and Wong in 2001 and 2002. The Court did not receive Plaintiff's complaint until December 17, 2009, long after the expiration of the limitations period.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's Motions to Certify Constitutional Questions (Document Nos. 9 and 13) be dismissed without prejudice to their consideration in Plaintiff's habeas action.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff

from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE